# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GAY, | ) | CASE NO. 1:20-cv-180 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| COMMISSIONER OF SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Michael Gay ("Gay" or "plaintiff") appeals from the final decision of the Commissioner of Social Security Administration ("Commissioner"), denying his application for Disability Insurance Benefits ("DIB"). The matter was referred to Magistrate Judge Kathleen B. Burke for the preparation of a Report and Recommendation ("R&R"). The R&R recommends that the Court affirm the Commissioner's decision. (Doc. No. 17.) Plaintiff has filed objections to the R&R (Doc. No. 19 ["Obj."]), and the Commissioner has filed a response. (Doc. No. 20 ["Res."].) Upon *de novo* review and for the reasons set forth below, the Court overrules the objections, accepts the R&R, and dismisses the case.

## I. BACKGROUND

Gay filed his application on November 4, 2015. (Doc. No. 12 (Administrative Transcript ["TR"]) at 166–67.[1]) He alleged disability beginning May 6, 2015 due to bipolar, agoraphobia,

---

[1] For convenience, citations to the administrative transcript use the bates numbers in the transcript; all other page number references herein are to the Page ID number assigned by the Court's electronic filing system.

anxiety, and depression. (*Id.* at 166, 193.) The application was denied initially and upon reconsideration. Gay requested a hearing before the ALJ. The hearing, at which Gay appeared with counsel, was conducted on August 1, 2017. The hearing transcript is in the record. (*Id.* at 23–72.).

On December 5, 2018, the ALJ issued his decision. (*Id.* at 106–115.) The ALJ found that plaintiff had severe impairments of "mood disorder and anxiety-related disorders[.]" (*Id.* at 108.) But the ALJ also determined that these impairments did not meet or equal any listed impairment, and that Gay retained the residual functional capacity ("RFC") to perform a full range of work at all exertion levels but with certain non-exertional limitations. (*Id.* at 110–13.) The ALJ concluded that Gay could not perform his past relevant work but that there are jobs that exist in significant numbers in the national economy that he can perform and was, therefore, not disabled. (*Id.* at 113–15.)

Gay requested review of the ALJ's decision by the Appeals Council. (*Id.* at 157.) The Appeals Council granted review and permitted Gay to file a supplemental statement. In a decision dated December 2, 2019, the Appeals Council adopted the ALJ's findings, making the Appeals Council's decision the final decision of the Commissioner. (*Id.* at 4–6.) In its decision, the Appeals Council noted that the ALJ had failed to consider the opinion submitted by Gay's therapist, Cassandra Skul, PMHNP ("Nurse Skul"). (*Id.* at 5.) It considered the opinion but determined that it was entitled to "little weight" because it was "not supported by the record." (*Id.*)

Gay timely filed the instant action, seeking judicial review. Gay, represented by counsel, filed a brief on the merits (Doc. No. 14 ["Pl. Merits Br."]), and the Commissioner filed a

response brief on the merits. (Doc. No. 15 ["Def. Merits Br."].) On December 4, 2020, the magistrate judge issued her R&R, recommending that the Commissioner's decision be affirmed because it applied the appropriate legal standards and was supported by substantial evidence.

## II. DISCUSSION

### A. Standard of Review

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ (and, in this case, the Appeals Council) applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if

substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

**B.     Plaintiff's Objections and Analysis**

Plaintiff raises two objections to the R&R, relating to the magistrate judge's finding that the ALJ's analysis at Step 3 was supported by substantial evidence and the treatment of the opinion of a nurse practitioner. Because Gay relies heavily upon the opinion of Nurse Skul to support his Step 3 objection, the Court begins with the administrative treatment of that opinion.

*1.     "Other Source" Opinion of Nurse Practitioner*

In his merits brief, Gay argued that the ALJ erred in failing to discuss the opinion of Nurse Skul, a treating source. (Pl. Merits Br. at 784–86.) The R&R noted that the Appeals Council accepted review of the ALJ's decision and specifically discussed Nurse Skul's opinion in its own decision. (R&R at 834.) Because the decision of the Appeals Council became the final decision of the Commissioner—and the Appeals Council specifically considered Nurse Skul's opinion—the R&R concluded that Gay's argument was without merit. (*Id*.).

In his objections, Gay concedes that the Appeals Council considered Nurse Skul's opinion—including her statement that Gay suffered from one of the worst cases of anxiety disorder she had seen—but he claims that the "Appeals Coun[cil]'s analysis lacks support of substantial evidence."[2] (Obj. at 843; *see* TR at 690.) Gay now argues "the ALJ's failure to evaluate, and the Appeals Council's analysis of the treating source statement [of Nurse Skul] is

_____

[2] The Commissioner maintains that the argument as to the Appeals Council's decision is waived because it was not raised before the magistrate judge. (Res. at 850.) It is well settled that a "claim raised for the first time in objections to the magistrate judge's report is deemed waived." *See Swain v. Comm'r of Soc. Sec*., 379 F. App'x 512, 517–18 (6th Cir. 2010) (quotation marks and citation omitted). Nevertheless, the Court finds that the Commissioner is not prejudiced by the Court's consideration of this argument, inasmuch as the Commissioner also addressed the argument on the merits. (Res. at 850–51.)

not supported by substantial evidence."[3] (Obj. at 842.) Citing 20 C.F.R. § 404.1527, he insists

that the Appeals Council wrongly evaluated the opinion evidence from a treating source. (*Id*. at

842–43.).

It is well-established that a nurse practitioner is classified as an "other source" under the

Commissioner's regulations.[4] *Noto v. Comm'r of Soc. Sec*., 632 F. App'x 243, 248 (6th Cir.

2015) ("'Other sources' is everyone else, including nurse practitioners[.]") (quoting 20 C.F.R. §

404.1513(d)(1)); *see Cruse v. Comm'r of Soc. Sec*., 502 F.3d 532, 541 (6th Cir. 2007). Therefore,

the opinion of a nurse practitioner is not subject to the "good reasons" requirement of the treating

physician rule. *See* 20 C.F.R. §§ 416.902(a)(1)-(8), 416.927(a)(1), 416.927(f); *Noto*, 632 F.

App'x at 248. Nonetheless, Social Security Ruling ("S.S.R.") 06-03p notes that opinions from

"other sources," such as nurse practitioners, "are important" and "may provide insight into the

severity of the impairment(s) and how it affects the individual's ability to function." SSR 06-03p,

2016 WL 2329939, at *2–3 (S.S.A. Aug. 9, 2006). Under the Sixth Circuit's interpretation of this

SSR, opinions from "other sources" who have seen the claimant in their professional capacity

"should be evaluated using the applicable factors, including how long the source has known the

---

[3] In his objections, Gay implies, without support, that the ALJ's failure to even mention Nurse Skul's opinion, regardless of the Appeals Council's separate consideration of the opinion, constituted error. (*Id.* at 843–44.) But "[i]t is the decision of the Appeals Council, and not that of the ALJ, that represents the final decision of the Commissioner in this case." *Pursley v. Comm'r of Soc. Sec*., No. 1:18-cv-256, 2019 WL 2537291, at *5 (S.D. Ohio June 2019), *report and recommendation adopted*, 2019 WL 3430841 (S.D. Ohio July 30, 2019), (citing *Mullin v. Bowen*, 800 F.2d 535, 541 (6th Cir. 1986) (explaining that when the Appeals Council accepts review and alters the ALJ's decision, it is the Appeals Council's decision that is subject to judicial review under the substantial evidence standard). "On the record presented, the Appeals Council accepted review precisely because of the ALJ's error in failing to discuss [Nurse Skul's] opinions. The Appeals Council then corrected that error." *Id*.

[4] Because Gay's claim was filed before March 27, 2017, the Social Security Administration's new regulations ("Revised Regulations") for the evaluation of medical opinion evidence do not apply. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan 18, 2017) (effective March 27, 2017).

individual, how consistent the opinion is with other evidence, and how well the source explains the opinion." *Cruse*, 502 F.3d at 541; *see* SSR 06-03p. Yet, the ALJ (or in this instance the Appeals Council) has broad deference in the final determination. Indeed, "[t]he opinion of a 'non-acceptable medical source' is not entitled to any particular weight or deference—the ALJ has discretion to assign it any weight he feels appropriate based on the evidence of record." *Noto*, 632 F. App'x at 248–49 (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997); *Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 397–98 (6th Cir. 2014)).

Gay complains that the Appeals Council did not specifically address each factor identified above in deciding to afford Nurse Skul's opinion little weight. (Obj. at 844.) Although the Commissioner "generally should explain the weight given to opinions from … 'other sources,'" there remains "a distinction between what an adjudicator must *consider* and what the adjudicator must explain[.]" SSR 06-03p, 2006 WL 2329939, at *6 (emphasis added). The ALJ need not "proceed methodically down an enumerated list of factors when attributing this or that weight to an 'other source' opinion." *Dame v. Comm'r of Soc. Sec.*, No. 2:16-cv-10043, 2016 WL 11259279, at *9 (E.D. Mich. Oct. 18, 2016) (citing, among authority, 20 C.F.R. § 404.1528(c) ("[W]e *consider* all of the following factors in deciding the weight we give to any medical opinion.") (emphasis added by district court), *report and recommendation adopted*, 2017 WL 694749 (E.D. Mich. Feb. 22, 2017). "So long as the ALJ addresses the opinion [from an 'other source'] and gives reasons for crediting or not crediting the opinion, the ALJ has complied with the regulations." *Drain v. Comm'r of Soc. Sec.*, No. 14-cv-12036, 2015 WL 4603038, at *4 (E.D. Mich. July 30, 2015) (citing *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011)).

Here, the Appeals Council considered Nurse Skul's opinion, noting that she opined that Gay had no useful ability to function in the work setting due to a number of mental limitations. She based these limitations on evidence that Gay was visibly anxious, exhibited tremors and shaking, had poor eye contact, and was unable to leave his house due to agoraphobia. (TR at 5.) But the Appeals Council found that these observations were not supported by the record. (*Id.*) In particular, it noted that the therapist records indicated that plaintiff was able to leave his home to "attend medical appointments, go to court, and go to family member's houses[.]" (*Id.* at 5, citing Ex. 12F.) It further noted that the psychologist consultative examiner, Ronald G. Smith, PhD, had observed that Gay "goes out for walks around the neighborhood, could go to the store to pick up his medication, and go out to pick up food at a restaurant[.]" (*Id.*, citing Ex. 3F.) Additionally, the Appeals Council observed that the primary care records "consistently indicate normal mental status (Exhibits 7F and 11F)," while therapy records only record an anxious or depressed mood on a few occasions. (*Id.*, citing Exs. 4F, 5F, 6F, 9F, 10F, and 12F.) "Thus, the [Appeals Council] properly considered [Nurse Skul's] opinion as an 'other source' and explained [its] reasons for giving it 'little … weight.'" *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 550 (6th Cir. 2014) (finding ALJ properly afforded "little to no weight" to "other source" opinion of a nurse practitioner that was inconsistent with other substantial record evidence); *Irvin v. Soc. Sec. Admin*, 573 F. App'x 498, 501 (6th Cir. 2014) (the ALJ proper rejected treating nurse practitioner's opinions where they were inconsistent with the treatment records and the claimant's reports of his daily activities); *see also Rademaker v. Saul*, No. 1:20-cv-36, 2020 WL 5544390, at *14 (N.D. Ohio Sept. 16, 2020) (a reviewing court applies a "highly deferential

8

standard" when reviewing an administrative evaluation of a non-acceptable medical source's opinion).

Gay's objection to the treatment of Nurse Skul's "other source" opinion is overruled.

### 2. *ALJ's Step 3 Analysis*

Gay also argues that the magistrate judge "erred in her finding that the ALJ's analysis of Listing 12.06, or at Step 3 of the sequential evaluation, is supported by substantial evidence." (Obj. at 838.) He insists that "the evidence of record, including the opinions of treating sources, treatment records, the testimony of [p]laintiff and his wife unite to establish he meets the criteria set forth by Listing 12.06[.]" (*Id.*)

Plaintiff acknowledges record evidence establishing he can tolerate being in public areas, but he posits that "the ability to attend doctor's appointments, be friendly to a treating source and attempt two family gatherings should not be found as a sufficient reason to discredit [p]laintiff's testimony and a treating source opinion about his overall social interactions, particularly in a work setting." (*Id.* at 839.) "While [p]laintiff may be cooperative and friendly to his medical providers," he insists that "the record proves [p]laintiff has marked limitations in interacting with others, due to his severe anxiety." (*Id.*) Much of his argument is supported by the opinion of Nurse Skul, which the Court has already determined was properly afforded little weight by the Appeals Council. (*See id.* at 840.) He also points to his own testimony and the opinion of the consultative examiner, Dr. Smith. (*Id.* at 839–40.) With respect to Dr. Smith's opinion, Gay maintains that it establishes that he has "marked limitations in concentration, persistence and pace." (*Id.* at 840.)

The Commissioner argues that Gay has overstated Dr. Smith's opinion. (Res. at 848.) While it is true that Dr. Smith never represented that Gay had marked mental limitations, he did opine that Gay "may have difficulty maintaining adequate attention and concentration and in maintaining persistence in the performance of simple or more complex tasks." (TR at 297.) Nevertheless, the Court notes that administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "'The substantial evidence standard presupposes that there is a "zone of choice" within which the Secretary may proceed without interference from the courts. If the [administrative] decision is supported by substantial evidence, a reviewing court must affirm.'" *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281–82 (6th Cir. 2009) (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)). Both the ALJ and the Appeals Council discussed medical opinions and other medical documentation that supported a finding that Gay is not disabled and retains the mental capacity to perform a full range of work with certain non-exertional limitations. (TR at 5, 110–13.)

While Gay believes that the ALJ should have interpreted the record evidence in such a way so as to find him disabled at Step 3, the ALJ's conclusions, as adopted by the Appeals Council, are supported by substantial evidence. So long as the ALJ's conclusions are supported by substantial evidence, the Court must affirm the Commissioner's decision, even if there is substantial evidence supporting the opposite conclusion as well. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ.") Accordingly,

10

the magistrate judge properly determined that the ALJ's conclusions, as adopted by the Appeals Council, fell within the permissible "zone of choice," and Gay's objection to these conclusions is overruled.

### III. CONCLUSION

For the reasons discussed above, plaintiff's objections to the R&R are overruled. The R&R is accepted. Because the Commissioner's decision to deny DIB is supported by substantial evidence, the decision is affirmed, and this case is dismissed with prejudice.

**IT IS SO ORDERED**.

Dated: March 8, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

11